UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, NATURAL RESOURCES DEFENSE COUNCIL, THE WILDERNESS SOCIETY, <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, in his official capacity as Secretary of the United States Department of the Interior, the UNITED STATES DEPARTMENT OF THE INTERIOR, the BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | Case: 1:08-cv-00411 <br> Judge Emmet G. Sullivan |

JOINT PROPOSED SCHEDULE AND PARTIES'
STIPULATION AS TO ALLOWED OIL AND GAS ACTIVITIES

The parties hereby propose the following schedule for disposition of this action:

| | |
|---|---|
| Defendants' Filing of Admin Record | April 11, 2008 (28 days) |
| Plaintiffs' Motion for Summary Judgment | May 5, 2008 (24 days) |
| Defendants' Opposition and Cross-Motion for Summary Judgment | June 2, 2008 (28 days) |
| Plaintiffs' Opposition and Reply | June 16, 2008 (14 days) |
| Defendants' Reply Brief | June 30, 2008 (14 days) |

Set out below is an explanation of the project activities which have occurred to date, followed by a stipulation of the parties identifying the activities which may proceed while briefing on the merits in this action occurs. The parties anticipate that the stipulated drilling activities will take approximately 180 days. The proposed schedule is intended to provide for briefing and Court resolution of this action within the 180 days during which the stipulated drilling activities will occur.

Project Background and Completed Activities

The Rock House project which is the subject of this action contemplates the drilling of up to 60 oil and gas wells from 24 well pads, some of which will be drilled on or under state and private land ("private wells"), and some of which will be drilled on or under federal land ("federal wells"). Drilling of the wells on private land does not require federal approval, nor does construction of well pads on private land. However, federal approval is required for drilling of the federal wells and construction of well pads on federal land. The Rock House project was approved by a Decision Record issued on December 18, 2007 by the Bureau of Land Management of the U.S. Department of the Interior ("BLM").

Enduring Resources, LLC ("Enduring") is the project operator, pursuant to several oil and gas leases granted by the Department of the Interior, the State of Utah and private landowners. Enduring has constructed, pursuant to a right-of-way approved by BLM (ROW #1, UTU-85507), an access road across federal land to a location on private land, which is entirely surrounded by federal land. This private land is located in the NE/4NW/4 of Section 30, Township 10 South, Range 23 East. Enduring has constructed on this private land one of the 24 contemplated well pads.

The project plan further contemplates the drilling of six wells from this pad, five of which have received the necessary approvals. The first well, to be drilled vertically, and the second well, to be drilled directionally, will enter privately-owned fee mineral estates, and require no federal approval, although they have been approved by the State of Utah. The remaining three wells will be drilled directionally into adjacent Federal mineral estates, and have been approved by BLM. The project plan also contemplates BLM's issuance of a second right of way (ROW #2, UTU-86059), which would authorize the construction of a water pipeline system to pump water from the White River for use in connection with well drilling operations. Finally, the project contemplates a third

right of way (ROW #3, UTU-85508) authorizing construction of a steel gas pipeline alongside the access road built on ROW #1, for purposes of removing produced gas from the site.  As of this date, Enduring is drilling the first of the five approved wells (the Rock House No. 10-23-21-30 Well).

<u>Stipulation</u>

The parties hereby stipulate that Enduring shall be allowed to construct the steel gas pipeline authorized by ROW #3, running to a connection point south of the Rock House project area; to complete the drilling and fracturing of the first well, number 10-23-21-30; and, if productive, to complete and connect the well to the steel gas pipeline.  In addition, Enduring shall be allowed to drill, fracture, complete and connect to the pipeline the four other wells, all directional, and entering federal or private mineral estates, as specified below, from the existing well pad:

| Well | Location |
|---|---|
| Rock House 10-23-31-30 Well | NW/4NE/4 Section 30 (private minerals) |
| Rock House 10-23-11-30 Well | NW/4NW/4 Section 30 (federal minerals) |
| Rock House 10-23-12-30 Well | SW/4NW/4 Section 30 (federal minerals) |
| Rock House 10-23-22-30 Well | SW/4NW/4 Section 30 (federal minerals) |

In addition, BLM will be allowed to issue ROW #2, and Enduring will be allowed to construct the water pipeline system noted above and described in the December 2007 Final Environmental Assessment, number UT-080-07-671, at issue in this case, as follows: a single submersible pump installed in the White River at the Saddletree Draw location (NW/4SW/4 Section 20), a cable from the pump to the power generator, construction of a trailer-mounted mobile power generator in an insulated building within a lined berm about 50 feet from the pump, a four-inch hose from the collection point to the pump, a water storage facility to be located in the SE/4NW/4, Section 31, and a temporary plastic pipe to the water storage facility.  Enduring will also be allowed to conduct all necessary maintenance and repair on the water and gas pipelines, the water pipeline system, the access road, the well pad, the wellheads, and the five wells.  Finally, because Plaintiffs

do not consider the water pipeline system to be work that was already under way when they filed their complaint, but rather new work which might have been enjoined if the parties had proceeded to briefing at the preliminary injunction/TRO phase of the litigation, the parties agree that if Plaintiffs prevail in this action and the Court remands the matter to the BLM for preparation of an environmental impact statement or for additional environmental analysis, the water collection system, including the pump and generator, will be immediately removed and the berm around the generator re-graded.  In that event, the time in which the system is to be removed will be dependent on weather and road conditions.

      Other than ROW #2, BLM agrees that it will authorize no further ground-disturbing activity pursuant to the Rock House project, pending consideration of this matter before the Court.

March 14, 2008                                             Respectfully submitted,


RONALD J. TENPAS
Assistant Attorney General


    /S/ John S.Most                                             /S/ Stephen Bloch
JOHN S. MOST (Virginia Bar #27176)            Stephen H.M. Bloch (UT Bar #7813)
Trial Attorney, Natural Resources Section       Southern Utah Wilderness Alliance
Environment & Natural Resources Division     425 East 100 South
United States Department of Justice                Salt Lake City, Utah 84111
P.O. Box 663 (601 D Street, Room 3536)
Washington, D. C. 20044                                 Sharon Buccino (D.C. Bar # 432073)
                                                                         Natural Resources Defense Council
Counsel for Defendants                                   1200 New York Avenue, N.W. #400
                                                                         Washington, D. C.  20005
OF COUNSEL
JOHN W. STEIGER                                          Counsel for Plaintiffs
Field Solicitor, Department of the Interior
125 S. State Street, Suite 6201
Salt Lake City, Utah  84138
(801)524-5677, (801)524-4506 (fax)