UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, in his official capacity as Secretary of the United States Department of the Interior, et al. <br><br> Defendants. | Civil Action No. 08-411(EGS) |

## SCHEDULING ORDER

**The failure of a party or attorney to comply with the provisions of this Order will be viewed with disfavor and may result in the imposition of sanctions. Attorneys of record shall read this Scheduling Order in its entirety and are responsible for ensuring that members of the attorney's staff are also familiar with and follow these procedures. Furthermore, in view of the Court's limited resources, no one should contact chambers by telephone absent exigent circumstances.**

Upon review of [4] the Joint Proposed Schedule and Parties' Stipulation as to Allowed Oil and Gas Activities, it is hereby **ORDERED** that:

(1) The parties are exempt from filing Federal Rule of Civil Procedure 26(a)(1) initial disclosures because this is an action for review of an administrative record.  Fed. R. Civ. P. 26(a)(1)(E).  The parties agree that no discovery is necessary at this time.

(2) Should discovery become necessary, counsel shall notify the Court and propose an appropriate schedule.  Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court pursuant to paragraph (6) *supra*.  Counsel are hereby notified that the party that does not prevail on the discovery dispute shall pay the costs involved, including attorney's fees.  Counsel shall not file a discovery motion without following the procedures set forth in this paragraph.

(3) Any motion that does not comply with LCvR 7(m) will be, *sua sponte*, stricken by the Court from the record.

(4) **Parties are directed to provide chambers with two copies of the administrative record, their pleadings, and their principal points and authorities. Every pleading should indicate, immediately below the Civil Action No. in the caption, the next scheduled Court deadline, such as a status conference, or pretrial conference, or trial date.  Pleadings that do not comply**

**with this instruction will be, *sua sponte*, stricken by the Court from the record.**

(5) Should a status conference become necessary, the Court will schedule one when the need arises.  Counsel must bring full settlement authority to each status conference.  If settlement is not reached, the parties shall adhere to the following briefing schedule: The administrative record shall be filed by no later than **April 11, 2008**.  Plaintiffs' Motion for Summary Judgment shall be filed no later than **May 5, 2008**. Defendants' Motion for Summary Judgment and Defendants' Opposition to Plaintiffs' Motion for Summary Judgment shall be filed no later than **JUNE 2, 2008**. Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' Reply in support of its Motion for Summary Judgment shall be filed no later than **JUNE 16, 2008**.  Defendants' Reply in support of its Motion for Summary Judgment shall be filed no later than **June 30, 2008**.  There shall be a motions hearing in Courtroom 24A on **October 8, 2008** at **10:00 a.m.**

(6) Counsel are directed not to communicate with anyone on Judge Sullivan's staff on an *ex parte* basis.  In the event it is absolutely necessary to communicate with Judge Sullivan's staff regarding this case, counsel are directed to arrange, at their expense, a conference telephone call with counsel for all other parties, and any pro se party, and speak directly with chambers, at 202-354-3260, or the courtroom deputy, Carol Votteler, at 202-

354-3152. It will not be the responsibility of anyone on Judge Sullivan's staff to arrange any telephone calls.

(7) All dates in this Order are firm, may not be altered by the parties, and, absent exceptional circumstances, will not be altered by the Court. Any request for an extension of time shall be made by filing a motion and shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates.

(8) Counsel are admonished to read the Circuit's opinion in <u>Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al.,</u> <u>101 F.3d 145, 152 (D.C. Cir. 1996)</u> (In implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice.).

It is **FURTHER ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleading filed electronically in the above captioned case to supernumerary attorneys of a law firm who have not entered their appearance on the electronic case filing system (ECF) and registered for a password granting them access to electronic dockets.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**March 17, 2008**

4