IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, NATURAL RESOURCES DEFENSE COUNCIL, THE WILDERNESS SOCIETY, <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, in his official capacity as the Secretary of the United States Department of the Interior, THE UNITED STATES DEPARTMENT OF THE INTERIOR, THE BUREAU OF LAND MANAGEMENT, <br><br> Defendants. <br><br> ENDURING RESOURCES, LLC, 475 Seventeenth Street, Suite 1500 Denver, CO 80202 <br><br> Defendant-Intervenor. | CASE NO. 1:08-cv-00411-EGS <br><br> Administrative Record to be filed April 11, 2008 |

## ANSWER OF DEFENDANT-INTERVENOR ENDURING RESOURCES, LLC

Defendant-Intervenor Enduring Resources, LLC ("Enduring" or "Defendant-Intervenor"), by and through its undersigned counsel, respectfully answers the Complaint for Declaratory and Injunctive Relief of Plaintiffs, Southern Utah Wilderness Alliance, Natural Resources Defense Council, and The Wilderness Society (collectively "SUWA" or "Plaintiffs"), and states its affirmative defenses as follows:

1.   Defendant-Intervenor admits that Plaintiffs challenge the decision of the Bureau of Land Management ("BLM") authorizing Defendant-Intervenor, Enduring, a Denver-based company, to undertake a natural gas development project in northeastern Utah (the "Rock House Project"). Defendant-Intervenor denies the remainder of Paragraph 1.

2

2. Defendant-Intervenor admits that the decision authorizes the BLM to lift lease UTU-87137 out of suspension. Defendant-Intervenor denies the remainder of Paragraph 2.

3. Defendant-Intervenor denies the allegation contained in Paragraph 3.

4. Defendant-Intervenor denies the allegations contained in Paragraph 4.

### JURISDICTION AND VENUE

5. Paragraph 5 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 5 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

6. Paragraph 6 contains a legal assertion or conclusion to which no responsive pleading is required. To the extent that Paragraph 6 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

7. Defendant-Intervenor admits that although venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) (2008), a transfer of venue to the District Court for the District of Utah is permitted by 28 U.S.C. § 1404(a) (2008) for the convenience of the parties and in the interest of justice.

### PARTIES

8. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 8 and, therefore, denies the same.

9. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 9 and, therefore, denies the same.

10. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 10 and, therefore, denies the same.

11. Paragraph 11 contains legal assertions and conclusions to which no responsive

pleading is required. To the extent that Paragraph 11 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

12. Upon information and belief, Defendant-Intervenor admits the allegations contained in Paragraph 12.

13. Upon information and belief, Defendant-Intervenor admits the allegations contained in Paragraph 13.

14. Upon information and belief, Defendant-Intervenor admits the allegations contained in Paragraph 14.

## FACTS GIVING RISE TO PLAINTIFFS' CAUSES OF ACTION

15. Defendant-Intervenor admits the allegation contained in Paragraph 15.

16. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 16, and therefore, denies the same.

17. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 17, and therefore, denies the same.

18. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 18, and therefore, denies the same.

19. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 19, and therefore, denies the same.

20. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 20, and therefore, denies the same.

21. Defendant-Intervenor has insufficient information regarding the allegation contained in Paragraph 21, and therefore, denies the same.

22. Defendant-Intervenor has insufficient information regarding the allegation

contained in Paragraph 22, and therefore, denies the same.

23. Defendant-Intervenor has insufficient information regarding the allegation contained in Paragraph 23, and therefore, denies the same.

24. Defendant-Intervenor has insufficient information regarding the allegation contained in Paragraph 24, and therefore, denies the same.

25. Defendant-Intervenor admits that the Project area falls under the purview of BLM's Book Cliffs Resource Management Plan.

26. Defendant-Intervenor admits that Enduring funded the preparation of the Enduring Resources' Saddletree Draw Leasing and Rock House Development Proposal EA ("Rock House EA") by an independent third-party contractor, Buys & Associates, Inc., as permitted by 40 C.F.R. § 1506.5(b) (2008). Defendant-Intervenor admits that BLM independently evaluated the environmental issues associated with the Rock House Project and reviewed the Rock House EA in accordance with 40 C.F.R. § 1506.5(b). Defendant-Intervenor denies the remainder of Paragraph 26.

27. Defendant-Intervenor admits the allegations that the Project Area encompasses approximately 4,826 acres of which approximately 70% are public lands managed by BLM, that the Project would involve up to 60 natural gas wells from 24 well drilling pads of which 13 would be located on BLM managed public lands and that 8.9 miles of new pipeline would be constructed. Defendant-Intervenor denies the remainder of the allegations contained in Paragraph 27.

28. Defendant-Intervenor admits the allegation contained in Paragraph 28.

29. Defendant-Intervenor admits that the BLM released EA UT-080-04-252 for public comment on May 9, 2005, and released EA UT-080-05-309 for public comment on

October 20, 2006. Both EA UT-080-04-252 and EA UT-080-05-309 analyzed natural gas development in the Rock House Project Area, but analyzed different proposed actions than the Proposed Action analyzed in the Rock House EA. Defendant-Intervenor denies the remainder of the allegations contained in Paragraph 29.

30. Defendant-Intervenor admits that on page 14 of the Rock House Finding of No Significant Impact and Decision Record ("FONSI/Decision Record"), the BLM represents that, during the preparation of the Rock House EA, it took into account comments submitted during the public comment periods associated with EA UT-080-04-252 and EA UT-080-05-309. Defendant-Intervenor denies the remainder of the allegations contained in Paragraph 30.

31. Defendant-Intervenor admits the allegations contained in Paragraph 31.

32. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 32, and therefore, denies the same.

33. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 33, and therefore, denies the same.

34. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 34, and therefore, denies the same.

35. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 35, and therefore, denies the same.

36. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 36, and therefore, denies the same.

37. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 37, and therefore, denies the same.

38. Defendant-Intervenor denies the allegations contained in Paragraph 38.

39. Paragraph 39 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 39 is construed to contain allegations that require a legal response, Defendant-Intervenor denies those allegations.

40. Defendant-Intervenor denies the allegations contained in Paragraph 40.

41. Defendant-Intervenor admits that it submitted information to the BLM during the preparation of the Rock House EA, but has insufficient information regarding the allegations contained in Paragraph 41, and therefore, denies the same.

42. Defendant-Intervenor admits that SUWA submitted a request for State Direct review of the DR/FONSI for the Rock House EA. Paragraph 42 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 42 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

43. Defendant-Intervenor admits the allegations contained in Paragraph 43.

## FIRST CAUSE OF ACTION

44. In response to Paragraph 44, Defendant-Intervenor incorporates by reference answers to Paragraphs 1-43 above.

45. Paragraph 45 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 45 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

46. Paragraph 46 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 46 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

47. Defendant-Intervenor has insufficient information regarding the allegations

contained in Paragraph 47, and therefore, denies the same.

48. Defendant-Intervenor admits that on page 14 of the Rock House FONSI/Decision Record, the BLM represents that, during the preparation of the Rock House EA, it took into account comments submitted during the public comment periods associated with EA UT-080-04-252 and EA UT-080-05-309. Defendant-Intervenor denies the remaining allegations contained in Paragraph 48.

49. Defendant-Intervenor admits that the BLM concluded that it lacked good cause to consider two reports prepared by Spectrum Engineers in its evaluation of SUWA's request for State Director Review. Defendant-Intervenor denies the remaining allegations contained in Paragraph 49.

50. Defendant-Intervenor has insufficient information regarding the allegations contained in Paragraph 50, and therefore, denies the same.

51. Defendant-Intervenor admits that the BLM concluded that it lacked good cause to consider a letter prepared by Ms. Meghan Williams in its evaluation of SUWA's request for State Director Review. Defendant-Intervenor denies the remaining allegations contained in Paragraph 51.

52. Defendant-Intervenor denies the allegations contained in Paragraph 52.

## SECOND CAUSE OF ACTION

53. In response to Paragraph 53, Defendant-Intervenor incorporates by reference answers to Paragraphs 1-52 above.

54. Paragraph 54 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 54 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

55. Paragraph 55 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 55 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

56. Paragraph 56 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 56 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

57. Defendant-Intervenor denies the allegations contained in Paragraph 57.

58. Defendant-Intervenor denies the allegations contained in Paragraph 58.

59. Defendant-Intervenor denies the allegations contained in Paragraph 59.

60. Defendant-Intervenor denies the allegations contained in Paragraph 60.

## THIRD CAUSE OF ACTION

61. In response to Paragraph 61, Defendant-Intervenor incorporates by reference answers to Paragraphs 1-60 above.

62. Paragraph 62 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 62 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

63. Defendant-Intervenor denies allegations contained in Paragraph 63.

## FOURTH CAUSE OF ACTION

64. In response to Paragraph 64, Defendant-Intervenor incorporates by reference answers to Paragraphs 1-63 above.

65. Paragraph 65 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 65 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

\\\DC - 023947/000010 - 2701095 v1

66. Defendant-Intervenor denies the allegations contained in Paragraph 66.

67. Defendant-Intervenor denies the allegations contained in Paragraph 67.

## FIFTH CAUSE OF ACTION

68. In response to Paragraph 68, Defendant-Intervenor incorporates by reference answers to Paragraphs 1-67 above.

69. Paragraph 69 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 69 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

70. Paragraph 70 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 70 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

71. Paragraph 71 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 71 is construed to contain allegations that require a response, Defendant-Intervenor denies the same.

72. Defendant-Intervenor denies allegations contained in Paragraph 72.

73. Defendant-Intervenor denies the allegations contained in Paragraph 73.

## SIXTH CAUSE OF ACTION

74. In response to Paragraph 74, Defendant-Intervenor incorporates by reference answers in Paragraphs 1-73 above.

75. Paragraph 75 contains legal assertions or conclusions to which no responsive pleading is required. To the extent that Paragraph 75 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

76. Paragraph 76 contains legal assertions or conclusions to which no responsive

\\DC - 023947/000010 - 2701095 v1

pleading is required. To the extent that Paragraph 76 is construed to contain allegations that require a response, Defendant-Intervenor denies those allegations.

77. Defendant-Intervenor admits the allegation contained in Paragraph 77.

78. Defendant-Intervenor denies the allegations contained in Paragraph 78.

79. Defendant-Intervenor admits that the Rock House FONSI/Decision Record approved water and gas pipelines as displayed in Figure 2 of the Rock House EA, and denies the remaining allegations in Paragraph 79.

80. Defendant-Intervenor denies the allegations contained in Paragraph 80.

81. Defendant-Intervenor denies the allegations contained in Paragraph 81.

## RELIEF REQUESTED

Paragraphs 1-5 constitute a Prayer for Relief to which no response is required. Defendant-Intervenor denies that Plaintiffs are entitled to any of the relief requested in Paragraphs 1-5. Any allegation above not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

Defendant-Intervenor asserts the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Defendant-Intervenor does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiffs.

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exhaust their administrative remedies.

3. Defendant-Intervenor reserves the right to assert additional affirmative defenses that are appropriate as revealed during the course of this litigation.

## PRAYER

Wherefore, Defendant-Intervenor prays that the Court enter judgment against the Plaintiffs and in favor of the Defendants and Defendant-Intervenor (collectively "Defendants") as follows:

1. Dismissing Plaintiffs' claims against Defendants with prejudice;

2. Awarding attorneys fees and costs to Enduring; and

3. Granting Defendants such other and further relief, including declaratory, equitable relief and damages, as this Court deems just and proper.

Dated: March 25, 2008

Respectfully submitted,

/s/ Kirsten Friedel Roddy
Jonathan L. Abram (DC Bar # 389896)
jlabram@hhlaw.com
Kirsten Friedel Roddy (DC Bar # 467805)
kfroddy@hhlaw.com
HOGAN & HARTSON LLP
555 13th Street, NW
Washington, DC 20004-1109
Tel: (202) 637-5600
Fax: (202) 637-5910

Rebecca W. Watson (DC Bar # 445844)
rwwatson@hhlaw.com
HOGAN & HARTSON LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
Tel: (303) 899-7300
Fax: (303) 899-7333

Laura Lindley (*pro hac vice filed concurrently*)
llindley@bjorklindley.com
Kathleen C. Schroder (*pro hac vice filed concurrently*)
kschroder@bjorklindley.com
Bjork Lindley Little PC
1600 Stout Street, Suite 1400

Denver, CO 80202
(303) 892-1400
(303) 892-1401 (facsimile)

*Counsel for Enduring Resources, LLC*

\\\DC - 023947/000010 - 2701095 v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2008 I filed the foregoing with the Clerk of Court via electronic mail in accordance with local practice. As a result, a true and correct copy of the foregoing was served on all counsel authorized to receive Notices of Electronic Filing generated by CM/ECF. In addition, a true and correct copy of the foregoing was served by overnight mail on March 25, 2008 on those counsel listed below:

John Most, Esq.
United States Department of Justice
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
601 D Street, N.W., Room 3536
Washington, D.C. 20004

Sharon Buccino
Natural Resources Defense Council
1200 New York Avenue, N.W., Suite 400
Washington, D.C. 20005

Stephen H.M. Bloch
Southern Utah Wilderness Alliance
425 East 100 South
Salt Lake City, Utah 84111


/s/ Kirsten Friedel Roddy

\\\\DC - 023947/000010 - 2701095 v1