UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, NATURAL RESOURCES DEFENSE COUNCIL, THE WILDERNESS SOCIETY, <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, in his official capacity as Secretary of the United States Department of the Interior, the UNITED STATES DEPARTMENT OF THE INTERIOR, the BUREAU OF LAND MANAGEMENT, <br><br> Federal Defendants, <br><br> ENDURING RESOURCES, LLC, <br><br> Defendant-Intervenor | Case: 1:08-cv-00411 <br> Next Scheduled Court Deadline: <br> Plaintiffs' Motion for Summary Judgment, <br> Due May 5, 2008 <br> Judge Emmet G. Sullivan |

## FEDERAL DEFENDANTS' ANSWER

Federal Defendants Dirk Kempthorne, Secretary of the U.S. Department of Interior, the U.S. Department of Interior ("Interior"), and the U.S. Bureau of Land Management ("BLM") hereby answer the Complaint as set forth below. The first 81 numbered paragraphs below correspond to numbered paragraphs in the Complaint.

<u>First Defense</u>

1.   Federal Defendants deny the allegations of the first sentence of paragraph 1 and admit that the decision challenged in this case lifted the suspension of lease UTU-81737 and required that additional site-specific approval of each on-the-ground component of the Rock House Project be completed prior to project implementation. The allegations of the second sentence

purport to describe a promotional brochure for visitors to this public land entitled "Floating the White River," *see* AR 11462, to which no response is required. That document speaks for itself and is the best evidence of its contents.

2.  Federal Defendants deny the allegations of the first sentence of paragraph 2 and admit that the decision challenged in this case lifted the suspension of lease UTU-81737 and required that additional site-specific approval of each on-the-ground component of the Rock House Project be completed prior to project implementation. Federal Defendants admit the allegations of the second sentence. Federal Defendants deny the allegations of the third sentence.

3.  Federal Defendants deny the allegations of paragraph 3.

4.  Federal Defendants deny the allegations of paragraph 4.

5.  The allegations of paragraph 5 are legal conclusions, to which no response is required.

6.  The allegations of paragraph 6 are legal conclusions, to which no response is required.

7.  The allegations of the first sentence of paragraph 7 regarding venue are legal conclusions, to which no response is required, but Federal Defendants admit that Interior and BLM are headquartered in Washington, D.C. Federal Defendants lack sufficient information to form a belief as to the truth of the allegations in the second sentence, and on that basis they are denied.

8.  Federal Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 8, and on that basis they are denied.

9.  Federal Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 9, and on that basis they are denied.

10. Federal Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 10, and on that basis they are denied.

11.     Federal Defendants lack sufficient information to form a belief as to the truth of the allegations of the first sentence of paragraph 11 to the effect that Plaintiffs' interests and their members interests are directly affected by the challenged decision, and on that basis they are denied.  The allegations of harm in the first sentence are legal conclusions, to which no response is required.  Federal Defendants deny the remaining allegations of the first sentence and admit that the decision challenged in this case lifted the suspension of lease UTU-81737 and required that additional site-specific approval of each on-the-ground component of the Rock House Project be completed prior to project implementation.   Federal Defendants lack sufficient information to form a belief as to the truth of the allegations of the second sentence, and on that basis they are denied.

12.     Federal Defendants admit the allegations of paragraph 12.

13.     Federal Defendants admit the allegations of paragraph 13.

14.     Federal Defendants admit the allegations of paragraph 14.

15.     Federal Defendants admit the allegations of paragraph 15.

16.     Federal Defendants deny the allegations of the first sentence of paragraph 16 and admit that the Rock House Project area includes public lands; the public lands include deep narrow canyons, shoreline along the White River, and plateaus; and the vegetation in the area is dominated by pinyon and juniper trees.  The allegations of the second sentence purport to describe the above-referenced document entitled "Floating the White River," to which no response is required.  That document speaks for itself and is the best evidence of its contents.

17.     Federal Defendants deny the allegations of paragraph 17 and admit that the Rock House Project area is used for hiking, wildlife viewing, camping, and boating.

18.     Federal Defendants deny the allegations of the first sentence of paragraph 18 and admit that the Rock House Project area includes a hiking trail which leads from the White River to an overlook known as the "Goblin City Overlook." The allegations of the second sentence purport to describe the document entitled "Floating the White River," to which no response is required. That document speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations of the third sentence and admit that trappers visited the area in the early 1800s and that members of the John Wesley Powell expedition visited the area in 1871.

19.     Federal Defendants deny the allegations of paragraph 19 and admit that the project area includes a camping site at the mouth of Atchees Wash used by some individuals who float the river.

20.     Federal Defendants deny the allegations of paragraph 20 and admit that the project area includes approximately 3,500 acres possessing wilderness characteristics, but which have not been formally designated as either wilderness or wilderness study areas.

21.     Federal Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 21, and on that basis they are denied.

22.     Federal Defendants deny the allegations of paragraph 22 and admit that the project area includes a portion of the proposed White River Area of Critical Environmental Concern.

23.     Federal Defendants admit the allegations of paragraph 23.

24.     Federal Defendants deny the allegations of paragraph 24 and admit that the project area provides habitat for animals such as those identified by Plaintiffs in paragraph 24.

25.     Federal Defendants deny the allegations of paragraph 25 and admit that BLM management actions in the project area are governed by the Book Cliff's Resource Management Plan ("RMP").

26.     Federal Defendants deny the allegations of paragraph 25 and admit that BLM, Enduring Resources' contractor, Buys & Associates, prepared the Rock House environmental assessment, EA # UT-080-07-671 ("Rock House EA").  Further, Federal Defendants aver that BLM adopted the environmental assessment as a BLM document.

27.     Federal Defendants admit the allegations of paragraph 27.

28.     Federal Defendants deny the allegations of paragraph 28 and admit that the Rock House EA was prepared to evaluate the Rock House Project and to consider whether BLM would: lift the suspension on lease UTU-81737 and reinstate it with standard stipulations; cancel the lease; or lift the suspension and reinstate the lease with additional protective measures.

29.     Federal Defendants deny the allegations of paragraph 29 and admit that BLM provided the public with two earlier EAs for drilling proposals located within what was subsequently designated in EA # UT-080-07-671 as the Rock House Project area, to wit: EA # UT-080-04-252, released for public comment on May 9, 2005, involving a 10-well proposal; and EA # UT-080-05-309, released for public comment on October 20, 2006, involving a 55-well proposal.

30.     The allegations of paragraph 30 purport to describe BLM's December 18, 2007 Finding of No Significant Impact and Decision Record for Enduring Resources Saddletree Draw Leasing and Rock House Development Environmental Assessment ("DR/FONSI"), to which no response is required.  That document speaks for itself and is the best evidence of its contents.

31.     Federal Defendants admit the allegations of paragraph 31.

32.    Federal Defendants admit the allegations of the first sentence of paragraph 32. As to the second sentence, Federal Defendants admit only that SUWA's July 19, 2007 comments expressly incorporated the comments of Ms. Megan Williams, and deny the remaining allegations on the ground that they lack sufficient information to form a belief as to the truth of those allegations.

33.    The allegations of paragraph 33 purport to describe SUWA's July 19, 2007 comments, to which no response is required. That document speaks for itself and is the best evidence of its contents.

34.    Federal Defendants deny the allegations of paragraph 34 and admit that SUWA submitted timely comments on EA # UT-080-04-252 and EA # UT-080-05-309.

35.    Federal Defendants admit the allegations of paragraph 35.

36.    Federal Defendants admit the allegations of paragraph 36.

37.    Federal Defendants admit the allegations of paragraph 37.

38.    Federal Defendants deny the allegations of paragraph 38.

39.    Federal Defendants admit the allegations of paragraph 39.

40.    Federal Defendants deny the allegations of paragraph 40.

41.    Federal Defendants admit the allegations of paragraph 41.

42.    In regard to the allegations of paragraph 42, Federal Defendants admit only that on January 17, 2008, SUWA submitted a timely request for State Director Review of the DR/FONSI for the Rock House EA. The remaining allegations of paragraph 42 purport to describe SUWA's request for State Director Review, to which no response is required. That document speaks for itself and is the best evidence of its contents.

43. Federal Defendants admit the allegations of paragraph 43.

44. Federal Defendants incorporate their responses to the allegations of paragraphs 1 through 44 by reference.

45. The allegations of paragraph 45 are legal conclusions, to which no response is required.

46. The allegations of paragraph 46 are legal conclusions, to which no response is required.

47. Federal Defendants admit the allegations of paragraph 47.

48. The allegations of paragraph 48 purport to describe the DR/FONSI, to which no response is required. That document speaks for itself and is the best evidence of its contents.

49. Federal Defendants deny the allegations of paragraph 49 and admit that the Deputy State Director concluded that good cause for considering Spectrum Engineers' comments had not been shown.

50. In regard to paragraph 50, Federal Defendants admit only that SUWA's request for state director review included comments prepared by Ms. Megan Williams which analyze and critique the DR/FONSI, including third party materials. Federal Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 50, and on that basis they are denied.

51. In regard to paragraph 51, Federal Defendants deny that the State Director refused to consider Ms. Williams comments and aver that the Deputy State Director concluded that good cause for considering Ms. Williams' comments had not been shown. Federal Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 51, and on that basis they are denied.

52. Federal Defendants deny the allegations of paragraph 52.

53.     Federal Defendants incorporate their responses to the allegations of paragraphs 1 through 52 by reference.

54.     The allegations of paragraph 54 purport to describe certain Council on Environmental Quality ("CEQ") regulations implementing the National Environmental Policy Act ("NEPA"), to which no response is required.  These regulations speak for themselves and are the best evidence of their contents.

55.     The allegations of paragraph 55 purport to describe NEPA and certain CEQ regulations implementing NEPA, to which no response is required.  The Act and its implementing regulations speak for themselves and are the best evidence of their contents.

56.     The allegations of paragraph 56 purport to describe certain CEQ regulations implementing NEPA, to which no response is required.  These regulations speak for themselves and are the best evidence of their contents.

57.     In regard to the allegations of paragraph 57, Federal Defendants deny that BLM's decision to prepare a FONSI rather than an environmental impact statement was inappropriately influenced, and as to the remaining allegations of paragraph 57, Federal Defendants lack sufficient information to form a belief as to their truth, and on that basis they are denied.

58.     Federal Defendants deny the allegations of paragraph 58.

59.     Federal Defendants deny the allegations of paragraph 59.

60.     Federal Defendants deny the allegations of paragraph 60.

61.     Federal Defendants incorporate their responses to the allegations of paragraphs 1 through 60 by reference.

62. The allegations of paragraph 62 purport to describe NEPA and certain CEQ regulations implementing NEPA, to which no response is required. The Act and its implementing regulations speak for themselves and are the best evidence of their contents.

63. Federal Defendants deny the allegations of paragraph 63.

64. Federal Defendants incorporate their responses to the allegations of paragraphs 1 through 63 by reference.

65. The allegations of paragraph 65 purport to describe NEPA and certain CEQ regulations implementing NEPA, to which no response is required. The Act and its implementing regulations speak for themselves and are the best evidence of their contents.

66. Federal Defendants deny the allegations of paragraph 66.

67. Federal Defendants deny the allegations of paragraph 67.

68. Federal Defendants incorporate their responses to the allegations of paragraphs 1 through 67 by reference.

69. The allegations of paragraph 69 purport to describe a provision of the Federal Land Policy and Management Act ("FLPMA"), to which no response is required. The Act speaks for itself and is the best evidence of its contents.

70. The allegations of paragraph 70 purport to describe a regulation implementing FLPMA, to which no response is required. The regulation speaks for itself and is the best evidence of its contents.

71. The allegations of paragraph 71 purport to describe the State Director's decision, to which no response is required. That document speaks for itself and is the best evidence of its contents.

72. Federal Defendants deny the allegations of paragraph 72.

73. Federal Defendants deny the allegations of paragraph 73.

74. Federal Defendants incorporate their responses to the allegations of paragraphs 1 through 73 by reference.

75. The allegations of paragraph 75 purport to describe a provision of FLPMA, to which no response is required. The Act speaks for itself and is the best evidence of its contents.

76. The allegations of paragraph 76 purport to describe a regulation implementing FLPMA, to which no response is required. The regulation speaks for itself and is the best evidence of its contents.

77. Federal Defendants admit the allegations of paragraph 77.

78. Federal Defendants deny the allegations of paragraph 78.

79. Federal Defendants deny the allegations of paragraph 79 and admit that the Rock House EA evaluated the water and gas pipelines identified in paragraph 79, and that the decision challenged in this case required that additional site-specific approval of each on-the-ground component of the Rock House Project, including the pipelines identified in paragraph 79, be completed prior to project implementation.

80. Federal Defendants deny the allegations of paragraph 80.

81. Federal Defendants deny the allegations of paragraph 81.

82. The allegations which follow paragraph 81 constitute plaintiff's Prayer for Relief, to which no response is required. To the extent that a response may be required, the allegations are hereby denied.

83.    All allegations in plaintiff's Complaint which have not been specifically admitted are hereby denied.

## Second Defense

The complaint fails to state a claim upon which relief can be granted.

WHEREFORE Federal Defendants respectfully pray that this Court deny in all respects Plaintiffs' prayer for relief, dismiss the complaint, enter judgment for Federal Defendants, and grant such other relief as may be appropriate.

April 25, 2008                                                Respectfully submitted,

                                                              RONALD J. TENPAS
                                                              Assistant Attorney General


                                                              _____/S/_____
                                                              JOHN S. MOST (Virginia Bar #27176)
                                                              Trial Attorney, Natural Resources Section
                                                              Environment & Natural Resources Division
                                                              United States Department of Justice
                                                              P.O. Box 663
                                                              Washington, D.C. 20044
                                                              (202) 616-3353, (202) 305-0274 (fax)
                                                              email john.most@usdoj.gov

                                                              Counsel for Defendants

OF COUNSEL

JOHN W. STEIGER
Office of the Solicitor
Department of the Interior
Suite 6201 - Federal Building
125 S. State Street
Salt Lake City, Utah  84138
(801)524-5677, (801)524-4506 (fax)

**Certificate of Service**

I hereby certify that on April 25, 2008, a copy of the foregoing was served on counsel of record noted below by filing it electronically using the Court's ECF system.

| *Counsel for Plaintiffs:* | *Counsel for Defendant-Intervenor:* |
|---|---|
| Sharon Buccino (D.C. Bar # 432073)<br>NATURAL RESOURCES DEFENSE COUNCIL<br>1200 New York Avenue, N.W.<br>Suite 400<br>Washington, D. C.  20005<br>289-6868<br><br>Stephen H.M. Bloch (UT Bar #7813)<br>SOUTHERN UTAH WILDERNESS ALLIANCE<br>425 East 100 South<br>Salt Lake City, Utah 84111<br>(801) 486-3161 | Jonathan L. Abram<br>jlabram@hhlaw.com<br>Kirsten Friedel Roddy<br>kfroody@hhlaw.com<br>HOGAN AND HARTSON LLP<br>555 13th Street, N.W.<br>Washington, d. C.  20004-1109<br>Tel: (202) 637-5600<br><br>Rebecca W. Watson<br>rwwatson@hhlaw.com<br>HOGAN AND HARTSON LLP<br>One Tabor Center, Suite 1500<br>1200 Seventeenth Street<br>Denver, Colorado 80202<br>Tel: (303) 899-7300<br><br>Laura Lindley<br>llindley@bjorklindley.com<br>Kathleen C. Schroder<br>kschroder@bjorklindley.com<br>BJORK LINDLEY LITTLE PC<br>1600 Stout Street, Suite 1400<br>Denver, Colorado 80202<br>(303) 892-1400 |

                                    /S/
                              JOHN S. MOST